Ann P. Houck et al., Petitioners v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Craig House-Technoma Workshop, Inc., Intervenor.

Submitted on briefs, May 10, 1979, to Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

Sandra Reiter Kushner, and Rothman, Gordon, Foreman and Groudine, P.A., for appellants.

GuruJodha Singh Khalsa, Assistant Attorney General, for appellee.

John E. Lyncheski, and Reed, Smith, Shaw &McClay, for intervenors.

Opinion by Judge Mencer, September 12, 1979:

Ann P. Houck (claimant) has appealed on her own behalf, and on behalf of 29 other claimants, from an order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits. We affirm.

Claimant was one of 54 employees of Craig House-Technoma Workshop, Inc. (Craig House), a school for emotionally disturbed children. Claimant and some of her fellow employees desired to have the Office and Professional Employees International Union, Local 33 (Union) recognized as the exclusive bargaining agent for the employees of Craig House. In August 1976, the Union filed petitions for certification as the exclusive bargaining representative with the National Labor Relations Board (NLRB) and with the Pennsylvania Labor Relations Board (PLRB). The petition before the PLRB is still pending, but the Union has withdrawn its NLRB petition.

In April 1977, the Union advised Craig House that some of the employees had voted to strike for recognition of the Union on April 18, 1977. To demonstrate their sincerity, claimant and 23 other employees failed to report to work on April 13, 1977. They were immediately advised that further unauthorized absences would result in discharge. Claimant and 29 other employees nevertheless commenced a strike on April 18, 1977 and established picket lines. As a result, classes were cancelled. By letter dated April 21, 1977, Craig House discharged the striking employees. On July 12, 1977, the striking employees made an unconditional offer to return to work which Craig House rejected.

An unemployment compensation referee held that claimant and her fellow employees were ineligible for benefits for the period of the work stoppage by virtue of Section 402(d) of the Pennsylvania Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d), and that they were ineligible thereafter by virtue of Section 402(e), 43 P.S. §802(e) (willful misconduct). The Board disallowed further appeal, and this appeal followed.

There is no dispute that claimant is ineligible by virtue of Section 402(d) for the period from the beginning of the strike until she and the other striking employees were discharged. The sole question raised by the claimant is whether she was discharged for willful misconduct and is therefore ineligible for the subsequent period.

Willful misconduct includes a disregard of standards which an employer has a right to expect of an employee. *See, e.g., Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Where a method exists for conclusively es-

tablishing rights which exist by virtue of statute or contract, we believe that, absent bad faith, an employer ordinarily has a right to expect his employees to utilize such methods rather than to resort to a disruptive strike. *Cf. Accurti Unemployment Compensation Case*, 187 Pa. Superior Ct. 391, 144 A.2d 673 (1958) (employees who cease work because of alleged breach of contract ineligible for period of work stoppage where agreement provides grievance procedure); *King Unemployment Compensation Case*, 183 Pa. Superior Ct. 629, 133 A.2d 581 (1957) (Act not meant to encourage stoppages of work because of disputes which could be legally determined without any cessation of work).

In this case, if claimant and her fellow employees were entitled to have the Union recognized by Craig House by virtue of the National Labor Relations Act, 29 U.S.C. §151 et seq., the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.1 et seq., or the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq., this right could have been established by the petition, election, and certification procedures contained in each of those acts.[1] Such a petition was in fact pending before the PLRB. Although there is some indication that the PLRB is not acting as promptly as it might on this petition, there is no reason to believe that the employer is in any way responsible for the delay or that the employer is acting in bad faith in refusing to voluntarily recognize the Union.[2]

---

[1] The record does not disclose, nor need we decide, which, if any of the cited acts are applicable to Craig House and its employees.

[2] Although Craig House has filed a motion challenging the jurisdiction of the PLRB, there is no evidence that this was done for purposes of delay or that it is in any other fashion indicative of bad faith.

*Pulver Unemployment Compensation Case,* 207 Pa. Superior Ct. 112, 215 A.2d 269 (1965), upon which claimant relies, involved a strike in support of the union's position in ongoing collective bargaining. No statutory or contractual obligations for which alternate remedies were available were involved in that case. In addition, the strike in this case was called to compel Craig House to recognize a noncertified union, and such "recognitional" strikes are not favored by the law. *See* the National Labor Relations Act, 29 U.S.C. §158(b)(7) (recognitional picketing an unfair labor practice except under certain conditions); Section 1201(b)(7) of the Public Employe Relations Act, 43 P.S. §1101.1201(b)(7) (recognitional strike an unfair labor practice in public sector).

Order affirmed.

ORDER

AND Now, this 12th day of September, 1979, the order of the Unemployment Compensation Board of Review, dated February 28, 1978, disallowing further appeal in the above captioned matter, is hereby affirmed.

