John C. Chew, Petitioner *v.* State Correctional Institution at Dallas, Bureau of Correction, Respondent.

John C. Chew, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice & Corrections, Respondent.

Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Intervenor.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*James F. Geddes, Jr.,* of *Silverblatt and Townend,* for petitioner.

*Jerry I. Drew,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General, *Joseph F. Strain,* Assistant Attorney General, *Francis R. Filipi,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

*John Kupchinsky,* Assistant Attorney General, with him *Daniel R. Schuckers,* Assistant Counsel, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for intervenors.

OPINION BY JUDGE ROGERS, March 13, 1980:

We have consolidated for argument and disposition the appeals of John C. Chew from orders of the Pennsylvania Civil Service Commission and the Unemployment Compensation Board of Review. The order of the Civil Service Commission reinstated Chew, without back pay, in his position as Elementary-Secondary Teacher, regular status, with the Correctional Institution at Dallas, Bureau of Correction, from which he had been removed by reason of his asserted failure to be or become a resident of Pennsylvania. The Commission concluded that Chew was when appointed and remained thereafter a resident of Pennsylvania. The order of the Board of Review declared Chew to be ineligible for unemployment compensation benefits after his removal from the service on the ground that his removal had been occasioned by his, Chew's, willful misconduct in not being or becoming a resident of Pennsylvania. The inconsistent orders were founded on the same circumstances and both required the application of the State Civil Service Commission regulation found at 4 Pa. Code §95.2(a), reading as follows:

> *Legal Residence.* The legal residence of an applicant shall be construed as the place or locality where he has evidenced a bona fide intention to make his permanent home or domicile and to exercise his rights of citizenship.

Chew does not dispute that he was required to be a resident of Pennsylvania when he applied for his Civil Service position at the Correctional Institution, *see* Section 501 of the Civil Service Act, Act of August 5,

1941, P.L. 752, *as amended*, 71 P.S. §741.501, or that he was required to remain a resident during his employment.

Chew was appointed to his position in the classified service at the Correctional Institution in February 1977. He was removed by the Superintendent on June 16, 1978. The reasons given for his removal were: (1) his violation of regulation 95.2 "in that you are not a permanent legal resident of this Commonwealth" and (2) misconduct amounting to violation of the law by providing false information concerning his residence on his application for civil service certification and by failing to obtain Pennsylvania license plates for his motor vehicle within thirty days after establishing residency.

CHEW'S APPEAL FROM THE ORDER OF CIVIL SERVICE COMMISSION

As already noted, the Civil Service Commission reinstated Chew to his position at the Correctional Institution. The Commission concluded that Chew was a resident of Pennsylvania as defined by regulation 95.2 when he applied for state employment in January 1977 and during all of the 17 months he worked at the Correctional Institution. The Civil Service Commission concluded that Chew had not provided false information on his civil service application by stating that he lived in Pennsylvania and that he had not violated the Motor Vehicle Code by failing to obtain Pennsylvania license plates. The appointing authority did not appeal from the Civil Service Commission's order.

The Commission made detailed findings concerning Chew's residence, all of which are firmly supported by the record. It found that Chew moved from Troy, New York, to Indiana, his mother's home in Pennsylvania in the summer of 1976; that he then ob-

tained a Pennsylvania driver's license and became a registered voter in Pennsylvania; that after his appointment to the Correctional Institution he lived in quarters furnished by the Correctional Institution; that he lived in rented quarters in Pennsylvania about nine miles from the Correctional Institution from January 1978; that on weekends during his employment at the Correctional Institution he visited either his mother in Indiana, Pennsylvania or his wife in Troy, New York; that he and his wife owned property in New York, where his wife lived, which was not sold after the summer of 1976 only because an adequate price could not be obtained; that Chew has a license to carry firearms issued in Pennsylvania; that he paid local Pennsylvania taxes, has a bank account in Pennsylvania and attends church, civic and recreational activities in Pennsylvania.

Chew's appeal from the Civil Service Commission's order relates to its failure to award back pay. The Commission believed that Chew "had not been forthright" with the Superintendent of the Correctional Institution with respect to the latter's concern over what he believed to be Chew's failure to register his motor vehicle in Pennsylvania. At the time of his employment Chew's motor vehicle carried New York license tags. Sometime before February 1978 the Superintendent ordered Chew to obtain Pennsylvania license plates. Shortly thereafter Chew got Pennsylvania plates and advised the Superintendent he had done so. Chew failed, however, to mount the Pennsylvania plates on his motor vehicle and the fact that it still bore New York plates did not escape the Superintendent's attention. Believing that Chew had not been truthful concerning the change of registration, the Superintendent in early June 1978 informed on Chew to the State Police. A trooper stopped Chew as he was travelling on the public road and, when Chew

was not then able to produce evidence of Pennsylvania registration, charged him with violating the Vehicle Code by failing to register the vehicle in Pennsylvania after becoming a resident. When the Superintendent learned of the issuance of the citation, he removed Chew from his position. At the magistrate's hearing on the citation Chew of course produced his Pennsylvania registration and was discharged. The reason Chew gives for not having mounted the Pennsylvania license plates on his vehicle when he got them, presumably in February or March 1978, was his belief that his motor vehicle would not pass Pennsylvania inspection. We are satisfied that Chew's failure earlier to obtain State registration and his failure when he had obtained it to mount the Pennsylvania plates on his vehicle provided ample support for the Civil Service Commission's refusal to award back pay. Section 951(a) of the Civil Service Act, added by the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951 provides that when the final decision of the Commission is in favor of the employee, he must be reinstated with "the payment of so much of the salary or wages lost by him as the commission may in its discretion order." Our review in this regard is only to determine whether the Commission abused its discretion in refusing to award back pay. *Farview State Hospital v. Snipas*, 21 Pa. Commonwealth Ct. 474, 346 A.2d 593 (1975). Chew's dilatory conduct in regard to the Pennsylvania registration and the mounting of the Pennsylvania license plates clearly contributed to his removal. We will therefore affirm the Commission's order.

CHEW'S APPEAL FROM THE ORDER OF THE UNEMPLOYMENT COMPENSATION BOARD OF REVIEW

After he was removed from his position at the Correctional Institution, Chew went back to New York and there filed an interstate claim for unemployment

compensation. A New York referee conducted a hearing in Albany, New York, on September 14, 1978. Only Chew appeared at this hearing and he was without counsel. A Pennsylvania referee conducted a hearing in Harrisburg on October 10, 1978. Only a representative of the Bureau of Correction appeared. The Pennsylvania referee concluded that Chew had failed to observe the requirement that he be and remain a resident of Pennsylvania and therefore was not unemployed through no fault of his own. On appeal by Chew, the Unemployment Compensation Board of Review concluded that Chew was ineligible by reason of willful misconduct because he had not "evidence[d] a bona fide intention to make his permanent home" in Pennsylvania. The Board's decision is dated March 13, 1979 and makes no mention of the contrary conclusion reached by the Civil Service Commission on February 23, 1979.

At the referee's hearing conducted in New York, Chew testified to the facts which he believed made him a resident of Pennsylvania. At the referee's hearing conducted in Harrisburg, the representative of the Bureau of Corrections, whose place of employment is recorded as being at Camp Hill, near Harrisburg, testified, apparently entirely on the basis of hearsay, that Chew was a resident of New York State when he applied for employment at the Correctional Institution and that, although he lived during his employment at the Correctional Institution on Institution grounds, he had not established a Pennsylvania residence. The records from which the employer's representative was apparently testifying seems not to have included the information that Chew lived on the institutional grounds for only part of the time he was employed by the Correctional Institution and that during 1978 lived in rented quarters off the institution grounds. The Bureau's witness also refers to "Chew's family" as

residing in New York State in apparent ignorance of the facts that Chew's children were grown, that none of them lived with Mrs. Chew in the New York residence after January 1978 and that the Chews wanted to sell the property.

In the unemployment compensation case the burden was on the Correctional Institution to establish that Chew was not a resident of Pennsylvania as defined by Civil Service regulation 95.2. The facts concerning his residency in Pennsylvania testified to by Chew at the referee's hearing in New York were in all respects consistent with the facts brought out at the very thorough hearing conducted by the Civil Service Commission, on the basis of which the Civil Service Commission concluded that Chew had not violated Civil Service regulation 95.2. The interpretation by an agency of its own regulation is entitled to great weight. *Orner v. Department Public Welfare,* 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979). The Civil Service Commission's conclusion that Chew had not violated its regulation, unappealed from by the Bureau of Corrections, while not binding on the unemployment compensation authorities, supports our holding, contrary to that of the Board of Review, that the record does not support a conclusion that Chew was guilty of willful misconduct.

The cases of *Homan v. Civil Service Commission, City of Philadelphia,* 28 Pa. Commonwealth Ct. 426, 429, 368 A.2d 883, 884 (1977), and *McCarthy v. Philadelphia Civil Service Commission,* 19 Pa. Commonwealth Ct. 383, 339 A.2d 634 (1975), *aff'd per curiam,* 424 U.S. 645 (1976), relied on by the Board of Review are distinctly different on the facts. In each of those cases a Philadelphia fireman purchased a home for his wife and children in New Jersey, entered his young children in school there and admittedly spent as much of his time as possible in that, his family home.

130

In the matter of Chew's appeal from the order of the State Civil Service Commission to 631 C.D. 1979, the Commission's order is affirmed.

In the matter of Chew's appeal from the order of the Unemployment Compensation Board of Review to 786 C.D. 1979, the Board's order is reversed and the record remanded for the computation of benefits.

ORDER IN 631 C.D. 1979

AND Now, this 13th day of March, 1980, the order of the State Civil Service Commission dated February 23, 1979 is affirmed.

ORDER IN 786 C.D. 1979

AND Now, this 13th day of March, 1980, the order of the Unemployment Compensation Board of Review dated March 13, 1979 is reversed and the record is remanded for the computation of benefits payable.

President Judge BOWMAN did not participate in the decision in this case.