Penflex, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Kenneth Bryson et al., Intervenors.

Penflex, Inc., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Kenneth Bryson et al., Intervenors.

112

Argued December 16, 1982, before Judges Rogers, Williams, Jr. and MacPhail, sitting as a panel of three.

*Edward Griffith,* with him *Steven L. Sugarman, Duane, Morris & Heckscher,* for petitioner.

*Jennifer Berke,* with her *Thomas E. Seus, Kelly, Harrington, McLaughlin & Foster,* for intervenors.

No appearance for respondent.

Opinion by Judge MacPhail, March 24, 1983:

Penflex, Inc. (Employer) has brought this appeal from orders of the Unemployment Compensation Board of Review (Board) which awarded unemployment compensation benefits to Claimants.[1]

The facts in this case are undisputed. Claimants were members of a collective bargaining unit represented by Plumbers Union Local 690 (Union). The collective bargaining agreement in existence between Employer and Union had an expiration date of June 30, 1980. Employer and Union failed to reach agreement on a new contract by July 1, 1980. The Union advised its membership not to engage in a work stoppage; the Union had not provided the thirty day notice to the Federal Mediation Conciliation Service required by Section 8(d) of the National Labor Relations Act

---

[1] Thirty former employees of Employer.

(NLRA), 29 U.S.C. §158(d) (1976).[2] Claimants disregarded their Union's advice and chose not to report for work on July 1. That same day Employer discharged the Claimants for participating in a work stoppage in violation of Section 8(d) of the NLRA.

The overriding principle involved in the decision of whether to grant or deny unemployment benefits is succinctly stated in Section 3 of the Unemployment Compensation Law (Law):[3] "[C]ompensation [is intended to be] for loss of wages by employes during periods when they become unemployed *through no fault of their own.*" (Emphasis added). In furtherance of this principle, Section 402 of the Law[4] contains a number of ineligibility provisions; included among these provisions are subsection (d), ineligibility as a result of a strike, and subsection (e), ineligibility as a result of willful misconduct. In the present case, Employer contends that the Claimants are ineligible as a result of willful misconduct; *i.e.* an illegal work stoppage under Section 8(d) of the NLRA.[5] In support thereof, Employer cites to such cases as *Progress Manufacturing Co. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A.2d 632 (1962),

---

[2] [W]here there is in effect a collective bargaining contract . . . the duty to bargain collectively shall also mean that no party to such contract shall terminate or modify such contract, unless the party desiring such termination or modification—

. . .

(3) notifies the Federal Mediation and Conciliation Service within thirty days after [providing written notice to the other party sixty days prior to the expiration date of the contract].

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[4] 43 P.S. §802.

[5] Claimants do not dispute Employer's right to discharge them for violating Section 8(d). *See United Furniture Workers of America v. N.L.R.B.,* 336 F.2d 738 (D.C. Cir.), *cert. denied,* 379 U.S. 838 (1964).

*Bays v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 421, 437 A.2d 72 (1981) and *Houck v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 587, 405 A.2d 1062 (1979) for the proposition that a claimant is ineligible for benefits due to willful misconduct if fired as a result of an illegal work stoppage.

Claimants, however, contend that these cases are distinguishable from the matter at hand. Claimants argue that the ''illegality'' of these prior cases involved engaging in a strike where an existing collective bargaining agreement prohibited a strike (*i.e. Bays*) or engaging in a "recognitional" strike where a petition for recognition was outstanding before the Pennsylvania Labor Relations Board (*Houck*). In the present case, the collective bargaining agreement had expired prior to the work stoppage.[6] Claimants emphasize that the only ''illegality'' involved here was a violation of NLRA requirements and ''that a compensation proceeding is not the place to adjudicate an alleged collective bargaining agreement violation or a claimed unfair labor practice.'' *Carl Colteryahn Dairy v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 319, 326, 407 A.2d 71, 74 (1979).

The present case presents us with a unique and difficult situation. The actions here clearly are not the same type of ''illegal'' work stoppage as we have previously held to be willful misconduct. However, the standard for willful misconduct applied in these cases is the same standard used in all willful misconduct cases: ''Willful misconduct includes a disregard of standards which an employer has a right to expect of an employee.'' *Houck*, 45 Pa. Commonwealth Ct. at

---

[6] *See Birdsboro Corp. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 462, 466 n. 4, 430 A.2d 361, 363 n. 4 (1981).

589, 405 A.2d at 1064. We believe that where, as here, Employer and Union have undertaken to engage in collective bargaining under the aegis of the NLRA, then the Employer has a right to expect that the notice provisions of Section 8(d) will be complied with prior to an employee strike. We therefore conclude that the actions herein were, as a matter of law,[7] willful misconduct, disqualifying Claimants from benefits.

In making this decision, we are cognizant of the fact that conflicting decisions by the Board and federal authorities could be made regarding whether Seciton 8(d) was violated. However, the possibility of conflicting results does not bar the Board or this Court from determining whether, as a matter of Pennsylvania law, Claimants' actions constituted willful misconduct. *See Moran v. Unemployment Compensaiton Board of Review*, 42 Pa. Commonwealth Ct. 195, 400 A.2d 257 (1979).[8]

Furthermore, our decision is influenced by the fact that if we were to accept the Claimants' and Board's arguments, then a striker, *ineligible* under the provisions of Section 402(d) of the Law, would become *eligible* for benefits upon the exercise by the employer of

---

[7] The question of whether behavior constitutes willful misconduct is a question of law subject to review by this Court. *Northeastern Hospital v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 332, 337, 439 A.2d 1337, 1340 (1982).

[8] *See also Chew v. State Correctional Institution at Dallas, Bureau of Correction*, 50 Pa. Commonwealth Ct. 122, 412 A.2d 206 (1980), wherein a conflict arose between a Pennsylvania Civil Service Commission decision and a Board decision regarding Claimant's violation of a Civil Service Commission regulation. While we held in that case that the record did not support the Board's finding of a violation, we there recognized that the Civil Service Commission's conclusion of non-violation would not be binding on the unemployment compensation authorities. *Id.* at 129, 412 A.2d at 209. Claimants in the present matter admit that no notice was given under Section 8(d).

its right to discharge the striker for violations *by the striker* of Section 8(d) of the NLRA. We therefore would be encouraging strikers to violate Section 8(d). Such a result would, we believe, so inhibit the exercise by an employer of its federal rights that a serious question of invalidity under the Supremacy Clause of the United States Constitution[9] would be raised. *Cf. Unemployment Compensation Board of Review v. Sun Oil Co.*, 19 Pa. Commonwealth Ct. 447, 338 A.2d 710 (1975), *aff'd,* 476 Pa. 589, 383 A.2d 519 (1978).

We reverse.

### ORDER

The orders of the Unemployment Compensation Board of Review, Decision Numbers B-197119 through and including B-197147, all dated July 13, 1981, and Decision Number B-200263, dated October 15, 1981, are hereby reversed.

---

[9] U.S. Const. art. VI, cl. 2.