## Gagliardi, Appellant, *v.* Ambridge Borough.

142

Argued March 15, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Eugene T. Rumisek,* for appellant.

*Genevieve W. Settino,* Borough Solicitor, for borough, appellee.

OPINION BY MR. JUSTICE EAGEN, June 3, 1960:

This is an appeal from the validity of an ordinance which is placed under fire at the instance of petitioner-appellant because of alleged inconsistencies existing between its purport and certain provisions of The Borough Code of May 4, 1927, P.L. 519, as amended.

Specifically, the ordinance provides as follows: "SEC-
TION 1. That all present employees of the Borough of
Ambridge and any and all persons who shall herein-
after be employed by said Borough shall reside in and
be citizens of the Borough of Ambridge.

"SECTION 2. (a) That all persons presently em-
ployed by the said Borough of Ambridge and not liv-
ing within its geographic limits shall be given six
months to meet the residential requirements as set forth
in said ordinance. (b) That after six months has
elapsed and the employee has not complied with the
requirements of this ordinance, then the Town Council
may, in its discretion, either suspend the employee until
he complies with said residential requirements or dis-
miss the employee immediately.

"SECTION 3. That the requirements for Borough
employees as set forth in this ordinance are in addi-
tion to any and all requirements as set forth by any
Act of Assembly of the Commonwealth of Pennsyl-
vania."

Appellant is a member of the police force of the
Borough of Ambridge in Beaver County, Pennsylvania.
He was legally appointed thereto on January 15, 1948.
At that time and for years previously, he was a con-
tinuous resident of Ambridge. In 1958, he moved and
took up residence in the adjoining township of
Harmony, Beaver County. Thereafter, on November
10, 1958, the Borough of Ambridge enacted the above
ordinance. On December 10, 1958, petitioner instituted
this action in the court below. The appeal was dis-
missed.

A municipality is a creature of the state and pos-
sesses only such powers of government as are expressly
granted to it and as are necessary to carry the same
into effect. Among the corporate powers granted by

the Commonwealth by statute to boroughs is the power "to make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care, and control of the borough and its finances, and the maintenance of peace, good government, safety and welfare of the borough and its trade, commerce and manufactures": Act of May 4, 1927, P.L. 519, art. XII, §1202, subs. LIV as amended by the Act of July 10, 1947, P.L. 1621, §40; 53 PS §46254. Among the duties of borough councils is that which is prescribed as follows: "To enact, revise, repeal and amend, such by-laws, rules, regulations, ordinances and resolutions, *not inconsistent* with the laws of the Commonwealth as it shall deem beneficial to the borough and to provide for the enforcement of the same . . .": Act of May 4, 1927, P.L. 519, art. X, subd. a, §1006, subs. III; as amended by the Act of July 19, 1951, P.L. 1026, §1; 53 PS §46006.

Appellant submits that the ordinance involved is inconsistent with the civil service provisions of The Borough Code (53 PS §§46125, 46165 and 46174), which specifically set forth the reasons for which borough policemen may be suspended, reduced in rank or removed from their positions. He argues that this ordinance provides the penalty of discharge for noncompliance therewith and in effect adds another reason, not specifically given by statute, for which the borough may remove a policeman from his position.

The only statutory requirement specifically stated as to residence of police officers is in the form of a qualification for appointment. The Act of May 4, 1927, P.L. 519, art. XI, subd. j, §1179 as added by the Act of July 10, 1947, P.L. 1621, §39; 53 PS §46179, provides that no person shall be eligible to apply for examination unless he is more than twenty-one years of age at the

date of filing of the application *and has been a resident
of the borough for at least one year immediately pre-
ceding his application* unless no resident applicants are
available. We agree that the intent of the Legislature
is to be gathered only from the language used. By the
same token, in ascertaining the intention of the Legisla-
ture, it is presumed that it did not intend an unreason-
able or absurd result: Act of May 28, 1937, P.L. 1019,
art. IV, §52; 46 PS 552, subs. (1). It appears to us from
the language above-quoted that the Legislature intended
that an individual, in order to qualify for an appoint-
ment as a policeman, must be a resident of the particu-
lar municipality, not only upon the date of the filing
of his application but, also, on the date of his appoint-
ment. Any other conclusion would be unreasonable.
If this is correct, then we believe it follows that the
Legislature also intended that continued residence
within the borough is, upon the insistence of Council,
essential to the right to remain in office. In other
words, residence may change after application and
examination or even after appointment but, where the
residential status is lost, the right to appointment or
to hold the office terminates upon the expiration of a
reasonable time prescribed in an ordinance for com-
pliance therewith. Why require residence before ap-
pointment and not subsequent thereto, when it is es-
specially during the latter period that its existence
assumes important significance? *Burnson v. Evans,* 137
N. J. L. 511, 60 A. 2d 891 (1948); *Kennedy v. City of
Newark,* 29 N. J. 178, 148 A. 2d 473 (1959).

We are not impressed by the argument that the type
of regulation inherent in the ordinance challenged has
been preempted by the civil service statutes. The pur-
pose of these laws is to insure the continuance in office
of those individuals who are faithful and conscientious
in the discharge of their duties and to free these public
officers from the fear of political and personal prejudi-
cial reprisal. It was not intended thereby to restrict

the municipality from prescribing reasonable and non-discriminatory qualifications for those favored by appointment. Certainly, no one can with justification question the reasonableness of the regulation this ordinance seeks to impose or deny that it is in furtherance of the common good.

The lower court, therefore, correctly ruled that the ordinance is legal and valid.

Order affirmed.