City of Philadelphia, Appellant, *v.* Joseph L. Evans, Appellee.

Argued April 4, 1974, before Judges KRAMER, WIL-KINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Basman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE BLATT, May 29, 1974:

Joseph L. Evans (claimant) was a police officer for the City of Philadelphia (City) on October 17, 1969, when he became involved in a foot pursuit of two suspects. He chased them into a subway entrance, slipped on the steps, fell and injured his back. Since then he has served only one full day on regular active duty, but he has been able to perform limited duty since November 19, 1970.

The claimant sought disability benefits pursuant to Regulation 32 of the City Civil Service Commission (Commission) which were denied following administrative review by the police department. He then appealed to the Commission, which held that his disability was not service-connected and, therefore, refused to award benefits. When he appealed to the Court of Common Pleas of Philadelphia County, the case was remanded to the Commission for consideration of further medical evidence which the court said that he then had available. The City has now appealed to this Court.

We have recently considered the application of Regulation 32 and the procedures involved thereunder in *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). As we pointed out there, appeals from the Commission are taken to the lower court pursuant to the Local Agency Law, Act of Dec. 2, 1968, P. L. 1133, 53 P.S. §11301 et seq. On appeals therefrom to this Court, when, as here, the lower court has not held a hearing de novo, we hold that our scope of review is limited to a determination of whether or not 1) the constitutional rights of the appellant were violated by the Commission or 2) if the Commission manifestly abused its discretion or committed an error of law, and 3) the findings of fact made by the Commission are supported by substantial evidence. We also held that in considering claims brought pursuant to Regulation 32, the procedures to be followed are those set forth in the said regulation, in the City Home Rule Charter, and in the Local Agency Law, and as to substantive questions, we approved the use of appropriate precedents under the Workmen's Compensation Act[1] relating to similar issues arising under Regulation 32.

---

[1] Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

The parties herein have stipulated that the claimant did suffer an accident while on duty and that he did injure his lower back. The questions which arise, however, concern the claimant's disability and the cause thereof.

Medical reports from physicians employed by the City indicated that a congenital back defect and obesity were contributing factors to the claimant's disability, although they did not specifically consider the effect of the accident. A report from the claimant's physician, Dr. Seymour Shlomchik, provided the following diagnosis: "1. Chronic sprain of the myoligamentous structures supporting the cervical spine, with principal involvement of the right trapezius muscle. 2. Acute sprain . . . of the lumbosacral spine, with principal involvement of the right and left sacrospinalis muscles." Dr. Shlomchik considered the possibility of a congenital defect but said that this was "clinically insignificant." He went on to state that the claimant "has fairly well recovered from the injury to the cervical spine, but has a residual fibro-myositis of the right trapezius muscle. I feel he still has a significant problem with regard to his lower back. I feel that any stress or activity could throw him into a rather acute phase, which would be totally disabling, and dangerous in his particular field of endeavor. Injuries to the lower back of the type sustained have a tendency to incompletely recover, leaving the low back in a residually weakened and vulnerable state."

A review of the record indicates that the Commission could have reasonably decided either for or against the claimant, for the evidence on causation was marginal at best. The fact that the claimant might have been suffering from a prior congenital defect, as the physicians for the City indicated, would not, of course, has disqualified him from receiving benefits if it could have been established that the accident here involved

served to aggravate that defect and thus constituted the cause of the disability. But, given the paucity of and the conflict in the testimony, we cannot find that the Commission erred as a matter of law in holding that the claimant's disability was not service-connected. Further, the Commission did not err in issuing its order prior to receiving additional medical evidence, which the claimant had requested permission to present. The Commission had authorized the claimant to submit the material in question on October 12, 1971, but as of February 25, 1972, the date of the Commission's order, he still had not done so.

The lower court, although finding that the failure to submit this evidence was a negligent act on the part of the claimant, did not go to the merits of this case, but instead decided to remand it to the Commission so that the claimant could have another opportunity to present the medical evidence which he had offered, but which he had failed to submit prior to the issuance of the Commission's order. As we noted in *City of Philadelphia v. Murphy*, 13 Pa. Commonwealth Ct. 630, 320 A. 2d 411 (1974), an order by the lower court remanding a case to the Commission is an interlocutory order and in most cases an appeal therefrom would be premature. Here, moreover, there are no special circumstances such as there were in *Murphy, supra,* which would justify our considering the propriety of the remand. In fact, it would seem to be in the interest of justice to remand for the introduction of additional evidence for strengthening proofs already presented or clearing up ambiguous proofs and which could well have the effect of persuading the Commission to alter its decision.

Aside from any reason for remand given by the lower court, however, we must ourselves note that the Commission failed to make adequate findings of fact as required by Section 6 of the Local Agency Law, 53 P.S. §11306. The mere conclusion by the Commission

that the claimant's disability was not service-connected was not sufficient for proper review either by this Court or by the court below, and that reason alone would have been sufficient to justify a remand.

As to other issues raised by the parties, we have considered them in *Hays, supra,* and we adopt our holdings therein.

For the above reasons, therefore, we affirm the order of the court below and remand the record to the Commission for further proceedings consistent with this opinion.