## Robert C. Goetz, Appellant, *v.* Borough of Zelienople, Appellee.

Argued May 9, 1974, before Judges KRAMER, MEN-
CER and ROGERS, sitting as a panel of three.

*Robert E. Kunselman,* with him *Reed, Sohn, Reed &
Kunselman,* for appellant.

*John L. Wilson,* for appellee.

OPINION BY JUDGE KRAMER, August 6, 1974:

This is an appeal by Robert C. Goetz (Goetz) from
an order of the Court of Common Pleas of Butler Coun-
ty which reversed the action of the Zelienople Police
Civil Service Commission (Commission) reinstating
Goetz as a policeman in the Borough of Zelienople (Bor-
ough).

Goetz was dismissed from the Borough's police force on March 29, 1972 for the reason that he was no longer in compliance with the Borough's residence requirement. Goetz began his employment with the Borough as a policeman in 1961. The question concerning Goetz's residency arose some time after the spring of 1971. In 1970, Goetz and his wife resided at 318 East Spring Street (the home of Mrs. Goetz's parents), which is located within the Borough. In March of 1970, Goetz and his wife began building a house in Jackson Township. Although the house was not fully completed, in the spring of 1971 Mrs. Goetz moved in, and since then the Jackson Township residence has been her sole residence. Goetz, on the other hand, has retained the Spring Street residence with his in-laws. Goetz maintains a mailing address in the Borough. He also votes in the Borough and pays its wage and per capita taxes. He keeps most of his clothes at the Spring Street residence, receives his bills there, and maintains a telephone there which also rings at the Jackson Township residence.

Goetz was dismissed following an investigation by the Borough which revealed that he occasionally stayed at the Jackson Township residence. Goetz appealed to the Commission, and a hearing was held, after which the Commission sustained his appeal and directed that he be reinstated. The Borough appealed to the lower court, which reversed the Commission's order. Hence this appeal.

The residency requirement in question is found in the Borough Policy Manual, and provides: "All full-time regular employees of the Borough of Zelienople must be bona fide residents of the borough at the time of employment or must establish legal, full-time residence, within the borough within ninety (90) days following their probationary period of service."

Before the Commission, Goetz proffered two basic contentions: (1) that he was in compliance with the requirement; and (2) that the regulation was improperly enacted. The Commission generally agreed with Goetz on both grounds.

On appeal, the lower court held a de novo hearing at which the record made before the Commission was introduced and additional testimony was taken from Goetz and three Borough witnesses. Initially, it should be noted that the court below concluded that the residency requirement was a permitted and valid exercise of authority under Section 1185 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, as amended, 53 P.S. §46185.

In reversing the Commission, the lower court noted that it was not disagreeing with the Commission's basic finding of fact, i.e., that Goetz maintained a residence in the Borough. The lower court went on to note that Goetz maintained two residences, and that "[a]s a matter of law, this is not compliance with a regulation dictating full-time, bona fide, legal residence when his time is divided between two residences, one within and one without the Borough."

The lower court reached its conclusion that Goetz was not in compliance with the residency requirement by interpreting the regulation as follows: "In the regulations at bar, the term 'residence' has traditionally been an ambiguous term; however, the modifiers 'bona fide,' 'legal' and 'full-time' serve as aids in interpretation of the Borough Council's intention. Black's Law Dictionary 4th ed, defines 'legal residence' as 'domicile.' Many cases dealing with the term, such as 'In re: Stabile, 36 A. 2d 451, 348 Pa. 587, indicate the term 'legal residence' means more than mere 'residence' and is closely akin to 'domicile' connoting an intention to remain for an unlimited time. The term 'bona fide' is defined by Black as 'in or with good faith, truly, real,

actual, genuine, without simulation or pretense.' 'Full-time' as defined in Webster's New Twentieth Century Dictionary 2 ed. means 'all the time.' It is clear that the Borough Council, by using these terms, intended that a policeman have a full-time domicile within the Borough. Any other interpretation runs contrary to the clear language of the regulation."

On appeal to this Court Goetz raises two issues: (1) that the lower court erred because the Commission's findings were supported by substantial evidence and the Commission's conclusions were in accordance with law; and (2) that the Borough's residency regulation was never properly adopted.

Our scope of review in an appeal brought pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq., when the lower court has held a de novo hearing, is limited to determining whether the appellant's constitutional rights have been violated, and whether the lower court manifestly abused its discretion or committed an error of law. *See Edwards v. Jersey Shore Area School District,* 7 Pa. Commonwealth Ct. 636, 301 A. 2d 116 (1973).

Addressing Goetz's contention that the residency requirement was never properly adopted, we must agree with the lower court. Although the Borough does not have a recorded ordinance requiring residency, the regulation in question is a part of the Borough's Policy Manual which had been approved and adopted by the Borough Council, and which includes a codification of the Borough's rules, regulations, and work instructions for employees. *Cf. Gagliardi v. Ambridge Borough,* 401 Pa. 141, 163 A. 2d 418 (1960). Furthermore, it is obvious from the record that Goetz was aware of the regulation and even participated to some extent in contract negotiations for the police in which an attempt was made to eliminate the requirement.

Goetz's primary contention, i.e., that he is in compliance with the regulations, depends on the correctness of the lower court's interpretation and application of the regulation. In this respect, we agree with the lower court's above-quoted interpretation of the words "legal residence" and "bona fide." However, we believe the lower court's interpretation and application of the word "full-time" is unrealistic and incorrect. *Webster's Third New International Dictionary* (1971) defines "full-time" as "involving or operating the amount of time considered customary or standard." We believe this definition is more realistic than the lower court's choice of "all the time." If the lower court's definition is correct, then no full-time regular employee of the Borough could have a vacation home, a cottage, a hunting lodge, or even a home for his estranged wife and their children. We do not believe this to be the intent of the regulation. By taking this position, we do not mean to suggest that an employee could meet the Borough's requirement by showing mere residency. We agree with the lower court that the regulation requires "legal" residence, but we conclude that the regulation does not prohibit an employee from having a second residence in addition to his legal residence. If the Borough had wanted to limit its employees to a single or sole residence, it certainly should have used language such as "sole or exclusive" to modify residence, but that is not before us.

Unfortunately, our conclusion leaves unresolved the issue of which residence was Goetz's legal residence, or that residence which most closely related to domicile. We recognize that this issue presents a question of law and could properly be decided by this Court. However, such a question of law is totally dependent upon the facts as found by the appropriate fact-finder—in this case, the lower court (or Commission, if the lower court should choose to remand). It is for the fact-finder to

draw the inferences from the evidence presented and to weigh the credibility of the witnesses. Therefore, we believe the lower court should have an opportunity to make the appropriate findings and determine (at least initially) which residence is Goetz's legal residence.

Therefore, we

### ORDER

AND NOW, this 6th day of August, 1974, the order of the Court of Common Pleas of Butler County is hereby set aside, and it is hereby ordered that this matter be remanded to the Court of Common Pleas of Butler County so that it may make the findings of fact necessary to determine the legal residence of Robert C. Goetz and to determine, in accordance with the above-noted principles, if Robert C. Goetz is in compliance with the Borough of Zelienople's employee residence requirement.