In the Matter of Frank E. Homan *v.* Civil Service Commission, City of Philadelphia.
Frank E. Homan, Appellant.

Argued October 7, 1976, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*Daniel J. McAleer,* with him *Thomas F. McDevitt,* for appellant.

*Gayle R. Smith,* Assistant to the City Solicitor, with her *Louis F. Hinman, III,* Assistant City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

Opinion by Judge Blatt, February 3, 1977:

This is an appeal by Frank E. Homan (Homan) from an adjudication of the Philadelphia Civil Ser-

vice Commission which sustained his dismissal from the Philadelphia Fire Department (Department). Homan had been employed as a fireman by the City of Philadelphia for a period of twelve years. In February of 1973, an anonymous letter was received by the Fire Commissioner which alleged that Homan was not a resident of the City as required by Section 20-101 of the Philadelphia Code of Ordinances,[1] and, following a residence investigation by the Department, Homan was dismissed on March 29, 1973. A timely appeal was made to the Philadelphia Civil Service Commission (Commission) which, after conducting a hearing, sustained the dismissal and dismissed the appeal. Homan then appealed to the Court of Common Pleas of Philadelphia County which affirmed the ruling of the Commission without taking further evidence. This appeal followed.

Our scope of review in an appeal from a civil service commission adjudication where the lower court took no additional evidence is a narrow one. We must determine only whether or not constitutional rights were violated, the commission abused its discretion or committed an error of law or the commission's findings of fact were unsupported by substantial evidence. *City of Philadelphia v. Evans*, 14 Pa. Commonwealth Ct. 1, 320 A.2d 418 (1974). Homan argues here that the Commission finding that he was a resident of Folsom, New Jersey, and not a bona fide resident of Phil-

---

[1] With respect to Civil Service employees, Section 20-101 of the Philadelphia Code provides:

Section 1. No person shall hereafter be appointed as an employee in the Civil Service of the City unless he shall have been a bona fide resident of the City for at least one year prior to his appointment.

Section 2. Every employee in the Civil Service shall be required to maintain his bona fide residence in the City during the continuance of his employment by the City. . . .

adelphia is not supported by substantial evidence. The issue of legal residence, of course, is a question of law which is totally dependent upon the facts as found by the appropriate fact-finder and it is for the fact-finder to draw the inferences from the evidence presented and to weigh the credibility of the witnesss. *Goetz v. Borough of Zelienople,* 14 Pa. Commonwealth Ct. 639, 324 A.2d 808 (1974). Here the Commission was the appropriate fact-finder and we believe that there is substantial evidence in the record to support its finding that Homan was a resident of New Jersey. Among the factors we find persuasive are: (1) Homan no longer owned nor paid rent on any property in Philadelphia, (2) Homan is recorded on Folsom property lists as the co-owner of the Folsom property, (3) Homan's children are enrolled in schools located in Folsom, (4) Homan stated that he spent as much time as possible at the Folsom property, and (5) Homan contributed substantially to the mortgage and maintenance of the Folsom residence.

The recent case of *McCarthy v. Philadelphia Civil Service Commission,* 19 Pa. Commonwealth Ct. 383, 339 A.2d 634 (1975), *aff'd per curiam,* 424 U.S. 645 (1976), presented a nearly identical factual situation. Homan argues, however, that *McCarthy* can be distinguished from his case because his marital relationship ended in 1969, which was when he purchased the Folsom property, whereas the marital relationship continued in *McCarthy.* Our careful examination of the record, however, reveals no support for the contention that Homan's marital relationship was ever terminated. There is no evidence that he is either legally separated or divorced from his wife. His testimony and that of other witnesses that he was estranged from his wife and that he visited the Folsom residence primarily to see his children was considered

by the Commission and by the lower court. The conclusion was reached that Homan's bona fide residence was in New Jersey, and we see no grounds, therefore, on which the holding of the court below should be reversed.

The order of the lower court is, therefore, affirmed.

ORDER

AND, Now, this 3rd day of February, 1977, the order of the Court of Common Pleas of Philadelphia County dated January 13, 1976 is affirmed and the appeal of Frank E. Homan is dismissed.