474

Joseph A. Nevitt, Appellant *v.* Board of Supervisors of Logan Township, Blair County, Pa., Appellee.

Argued October 31, 1977, before Judges Wilkinson, Jr. and Rogers, sitting as a panel of two.

*Philip W. Savitz,* with him *Clyde O. Black, II,* and *Patterson, Evey, Routch, Black & Behrens,* for appellant.

*Bertram B. Leopold,* Logan Township Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., November 22, 1977:

The appellant was dismissed by the Board of Supervisors of Logan Township from his position as a police officer for failure to comply with that township's residency requirements. The Court of Common Pleas of Blair County affirmed the action of the Board of Supervisors. We affirm.

The facts are not substantially in dispute. From the time of its inception on March 15, 1966, the Logan Township police force has had a residency requirement. The appellant joined the force in April of 1966, and at that time sold his home in Altoona in order to move to Logan Township. The appellant lived in Logan Township, at 501 South Dartmouth Lane, until about March 19, 1975. Due to marital difficulties, he then moved to R.D. #1, Box 960, Duncansville.

Charges were then brought against the appellant on April 10, 1975 for violation of the residency requirement. These charges were dropped when the appellant moved back to his prior address. In December of 1975, however, the appellant, having been divorced from his first wife, remarried and moved out of Logan Township to the home of his second wife in Williamsburg. On December 17, 1975, the appellant notified the Chief of Police that he had moved out of Logan Township.[1] On December 18, 1975 the Chief

---

[1] The exact wording of the letter was:

December 17, 1975

Chief V. E. Rouzer:

Since my marriage on Saturday, December 6th, 1975, I have been living at my wife's residence in Williamsburg, Penna. We will remain there until we can relocate in the Altoona area.

Respectfully submitted,
Sgt. Joseph A. Nevitt

responded that appellant was in violation of the residence requirement. This was followed by a meeting with the Chief and a lieutenant on December 22, 1975 when appellant was advised he would have to resume his residence in Logan Township not later than January 1, 1976. This was confirmed by letter on December 23, 1975. Notwithstanding, the appellant on January 1, 1976 listed his address as R.D. 1, Williamsburg on state and federal income tax withholding forms and filed them with Logan Township. While appellant offered some evidence that appears to be intended to show that he at all times was a resident of Logan Township, he cannot seriously contend this in face of the above. Any shred of doubt was removed by appellant's letter of December 30, 1975, wherein he made a "request for permission to reside outside the Township of Logan. My reason for making this request is that I have remarried and my present wife owns property at R.D. #1, Williamsburg, Penna. *on which we live.*" (Emphasis supplied.)

We find nothing in the present case that requires a result different from our decisions in *Homan v. Civil Service Commission*, 28 Pa. Commonwealth Ct. 426, 368 A.2d 883 (1977) and *McCarthy v. Philadelphia Civil Service Commission*, 19 Pa. Commonwealth Ct. 383, 339 A.2d 634 (1975), *aff'd per curiam*, 424 U.S. 645 (1976). The appellant's declarations of his intention to return to the township do not alter this result, indeed they support it, for by his own declaration his residence was then out of the township.

The appellant next contends that the township ordinance is invalid on its face for failure to comply with our Supreme Court's decision in *Gagliardi v. Ambridge Borough*, 401 Pa. 141, 163 A.2d 418 (1960). The appellant argues that this case stands for the proposition that an ordinance must allow any employee violating the residency requirement a reasonable time

within which to comply. We disagree. The decision in that case merely held that the residency requirement established by the Borough of Ambridge for all its employees was not in conflict with the Borough Code and that that ordinance provided a reasonable time for employees who lived outside the township at the time the ordinance was passed to move into the township. The case in no way stands for the proposition advanced by the appellant.

As a final argument, appellant contends that his dismissal constituted a violation of the due process and equal protection guarantees of the fourteenth amendment due to the township's failure to dismiss other similarly situated officers for violation of the same residency requirement. Once again we must disagree. The record shows that one of these officers, a Lieutenant Reeder, moved from his own home in Logan Township due to marital difficulties to his uncle's home, which was also in Logan Township. With respect to the other officer, a Patrolman Haller, the record shows that he lived outside the township during the 90 day period following completion of his probation, which is specifically allowed by the ordinance in question. While Patrolman Haller apparently lived outside the township for some time after the 90 day period, this was attributable to the fact that his home in the township was still under construction. We find nothing in these two instances that compels the conclusion that the residency provisions of the ordinance have been applied in an arbitrary and capricious manner.

Accordingly, we will enter the following

ORDER

Now, November 22, 1977, the decision of the Court of Common Pleas of Blair County, No. 475, dated November 18, 1976, is affirmed.