Allegheny County, a Political Subdivision of the Commonwealth of Pennsylvania, Appellant
v. Richard M. Connell, Appellee.

Argued November 2, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Thomas H. M. Hough,* Assistant County Solicitor, with him *Alexander J. Jaffurs,* County Solicitor, for appellant.

*Raymond Radakovich,* for appellee.

OPINION BY JUDGE MENCER, April 27, 1979:

Allegheny County (County) appeals a decision of the Court of Common Pleas of Allegheny County affirming the reinstatement of Richard M. Connell by the County Civil Service Commission for Policemen and Firemen (Commission) to his former position as a patrolman in the County Police Department.[1]

---

[1] Appellee Connell did not submit a brief on his behalf nor did he argue before this Court, although the record indicates that the County made the required service of its notice of appeal.

The parties stipulated that Connell was first elected and served as a Democratic committeeman in April 1972 and became a policeman in September 1972. He was twice reelected committeeman in 1974 and 1976 and served as a committeeman at all times pertinent hereto. In 1975, Rule 141(a) of the County Police Department Rules and Regulations was adopted, which provides in pertinent part as follows:

No member or employee of the Bureau of Police shall engage in the following partisan political activities:

(a) Being an officer in a political party or holding political office during his employment.

. . . .

The Commission heard testimony that in June 1976 and again in October 1976, Superintendent of Police Robert G. Kroner informed Connell in a letter that he held his political post in contravention of Rule 141(a) and directed him to resign as a committeeman or face a departmental disciplinary hearing. Urged by the County Director of Public Protection, James P. Curran, his immediate supervisor, to enforce the rule against Connell, Superintendent Kroner appointed a "Board of Inquiry" consisting of himself and two other members of the police department. On February 2, 1977, this panel concluded that Connell had not violated Rule 141(a), inasmuch as the rule was not in effect when he first joined the police department.

Nonetheless, on May 4, 1977, Director Curran informed Superintendent Kroner that Connell was suspended until he resigned his political post and directed Superintendent Kroner to inform Connell of his suspension.

Connell testified at the Commission hearing that, prior to joining the County police force in 1972, he made several inquiries as to whether the department

had any prohibition against his retaining his post as committeeman and was told there was no such prohibition at that time. He further testified that, following the Board of Inquiry's determination, he never received any communication from Director Curran to the effect that he was not in compliance with Rule 141(a) until his suspension three months later.

The Commission reinstated Connell to his former position on June 15, 1977, and the court below affirmed the Commission, without taking additional evidence, and dismissed the County's appeal.

Section 1518(a) of the Second Class County Code[2] (Code) prohibits the suspension or discharge of a person employed in a county police force except for reasons enumerated therein which include the "wilful disobedience of orders," the reason proffered by the County on appeal. The Commission's function in this controversy is limited to a consideration of whether the County, as party to the Commission's hearing, can justify its suspension of Connell,[3] and our scope of review, where the lower court has taken no additional evidence, is to determine whether the Commission's findings are supported by substantial evidence and whether the Commission has abused its discretion or committed an error of law. *Richter v. Civil Service Commission,* 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978); *Fabio v. Civil Service Commission,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977).

Unfortunately, proper appellate review of the Commission's decision is impossible because of its failure to comply with Section 6 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11306, repealed by Section 2(a) of the Judiciary Act

---

[2] Act of July 28, 1953, P.L. 723, *as amended* by Section 3 of the Act of August 13, 1963, P.L. 662, 16 P.S. §4518(a).

[3] Section 1518(c) of the Code, 16 P.S. §4518(c).

Repealer Act, Act of April 28, 1978, P.L. 202. (A similar provision is now found in the Local Agency Law, 2 Pa.C.S. §555.) That section requires that all adjudications contain findings of fact, together with reasons for the decision. The Commission here made no findings of fact concerning whether or not Connell willfully disobeyed an order, nor did it give any reasons for its decision to reinstate Connell. Therefore, we must remand to the Commission for compliance with the provisions of the Local Agency Law. *See City of Philadelphia v. Evans,* 14 Pa. Commonwealth Ct. 1, 5-6, 320 A.2d 418, 421 (1974).

Accordingly, we

### ORDER

AND Now, this 27th day of April, 1979, the order of the Court of Common Pleas of Allegheny County, dated March 2, 1978, is hereby vacated and the record remanded to said court with directions that the record be forwarded to the Allegheny County Civil Service Commission for Policemen and Firemen for entry of an adjudication in compliance with the Local Agency Law.

