Civil Service Commission of the City of Pittsburgh, Appellant *v.* Thomas Parks, Appellee.

Argued November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Richard J. Joyce,* Assistant City Solicitor, with him *D. R. Pellegrini,* City Solicitor, for appellant.

*Stanford A. Segal, Gatz, Cohen, Segal & Koerner, P.A.,* for appellee.

OPINION BY JUDGE MACPHAIL, February 6, 1984:

The Civil Service Commission of the City of Pittsburgh (Commission) appeals from the order of the Court of Common Pleas of Allegheny County dated January 28, 1983, which reversed the decision of the Commission and directed the Commission to certify payment of back wages to Thomas Parks (Parks) and to continue to certify Parks as a domiciliary of the City of Pittsburgh (City) for future pay periods from the date of the order.

The Commission in its decision dated October 21, 1982, found that Parks was not a resident of the City and that he therefore no longer complied with the residency requirements[1] for employment by the City. For this reason, the Commission refused to continue to certify pay for Parks, who had been employed as a firefighter by the City. The common pleas court took no additional evidence, but determined upon the record from the Commission that the Commission's findings concerning Parks' domicile were not supported by substantial evidence, that the Commission did not

---

[1] Section 181.01 of the Pittsburgh Code of Ordinances, Pittsburgh, Pa., Code tit. 1, art. XI, ch. 181, §181.02 (1979) and Section 3 of the Act of June 27, 1939 (Act), P.L. 1207, *as amended,* 53 P.S. §23493.

meet its burden of proving a change of domicile by Parks and that Parks' domicile was in the City.[2]

Our review, in an appeal from a civil service commission adjudication where the trial court took no additional evidence, must focus upon the decision of the commission. We are limited to determining whether the commission "abused its discretion, committed an error of law, or made findings unsupported by substantial evidence in the record." *City of Meadville, Firemen's Civil Service Comm'n v. Neff (City of Meadville)*, 69 Pa. Commonwealth Ct. 259, 262, 450 A.2d 1078, 1079 (1982).

Section 181.02, the City residency requirement which Parks was found to have violated, states that:

> All City employees and officials, including but not limited to Police Department and Fire Department personnel, shall be *domiciled* in the City at the time of their initial appointment and shall continuously maintain their *domicile* within the City throughout their terms of employment with the City. (Emphasis added.)

A determination of where a person is domiciled is governed by the facts of each individual case. *City of Meadville*. Which of his two residences was Parks'

---

[2] These determinations made it unnecessary for the common pleas court to reach Parks' arguments that the Commission erred in not permitting him to proceed before a fireman's trial board, pursuant to Section 5 of the Act, 53 P.S. §23495, and that the Commission's decision was limited to the time from September 22, 1982, when his pay was discontinued until November 1, 1982, when he applied for recertification. These issues were not raised by Parks before this Court.

Although we are troubled by the fact that the Commission did not use the word "domicile" in its decision, it may be fairly inferred that the Commission's conclusion that Parks did not meet the residency requirements was a determination that he resided *and was domiciled* at the Dorseyville Rd. address outside the City. We note that the common pleas court so treated the Commission's decision.

domicile is a question of law, *Goetz v. Borough of Zelienople*, 14 Pa. Commonwealth Ct. 639, 644, 324 A.2d 808, 811 (1974), which may properly be decided by this Court.

We must determine whether the Commission's findings are supported by substantial evidence in the record. The pertinent findings in regard to domicile are: 1) that the great majority of Parks' living arrangements are at the Dorseyville Rd. residence outside the City, on property which he and his wife purchased in 1974; and 2) that the Butler St. apartment in the City which Parks and his wife purchased in 1981, is furnished but vacant. We are of the opinion that these findings are supported by substantial evidence.[3] For this reason, we find that the Commission did not abuse its discretion in determining that Parks

---

[3] The record shows that an investigator of the Department of Personnel, Pittsburgh Civil Service Commisson, saw Parks frequently at the Dorseyville Rd. address, but seldom at the Butler St. address during her investigation of his place of residence. Other testimony indicated that Parks and his wife had purchased the Dorseyville Rd. property in 1974, that Parks was often present at the residence there, that Parks maintained a business address and supplies there, that his wife and three of his four children lived there, that the children went to school in the district servicing Dorseyville Rd., that Parks paid the mortgage on the property and that in testimony in a civil case in 1976 Parks gave the Dorseyville Rd. address as his residence.

In contrast, the evdence regarding the Butler St. apartment was that electric and water utility usage was consistent with, at most, occasional use of the apartment. Parks testified that he used the apartment as a place to sleep. Much of the evidence intended to establish Butler St. as Parks' domicile was that he used the address for various licenses and bank accounts, paid City taxes, and was registered to vote in the City.

Of course the Commission was the factfinder, and we will not disturb those findings which are supported by substantial evidence. *See Homan v. Civil Service Comm'n, City of Philadelphia*, 28 Pa. Commonwealth Ct. 426, 368 A.2d 883 (1977).

no longer complies with the residency requirements for a City firefighter.

The Commission has met the burden of proving that Parks moved from the City and made Dorseyville Rd. his new domicile; therefore, as the one asserting a change of domicile, Parks must meet the burden of showing domicile at Butler St. *See Dorrance's Estate*, 309 Pa. 151, 163 A. 303 (1932). This he has failed to do. Parks failed to act in a manner consistent with having a domicile within the City. "[T]he self-serving declaration cannot be conclusive but must yield to the intent which the acts and conduct of the person clearly indicate." *McCarthy v. Philadelphia Civil Service Comm'n*, 19 Pa. Commonwealth Ct. 383, 388, 339 A.2d 634, 637 (1975), *aff'd* 424 U.S. 645 (1976). As a matter of law, we find that Parks' domicile at the time in question was at Dorseyville Rd. *See Dorrance's Estate*.

In accordance with the above, the order of the court of common pleas is reversed and the decision of the Commission is reinstated.

ORDER

The order of the Court of Common Pleas of Allegheny County dated January 28, 1983, is hereby reversed.

Judge WILLIAMS, JR. dissents.