383 A.2d 519

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW of Commonwealth of Pennsylvania, Appellee,

and

Local (8)–901 of the Oil, Chemical and Atomic Workers International Union on behalf of its members and all others similarly situated, George Swerdon, Jr., Robert A. Crowley, Louise E. Chasse, Willard A. School, Edward J. Fadden, Neanie Willis, Robert Miller, Andrew Massorelli, Anthony G. Arcomone, Irvin M. Butler, on their own behalf and on behalf of all other claimants similarly situated, Intervenor-Appellees,

v.

SUN OIL COMPANY OF PENNSYLVANIA, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided Jan. 26, 1978.

Reargument Denied March 28, 1978.

590

Pepper, Hamilton & Scheetz, J. Anthony Messina, Fred Speaker, James T. Giles, Kenneth L. Oliver, Jr., David L. Williams, Susan K. Hoffman, Vincent J. Pentima, Philadelphia, for appellant.

Warren J. Borish, Philadelphia, Joseph R. McFadden, Jr., Media, for appellees, Local (8)–901, etc., et al.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

This was an action to determine the eligibility of approximately 1700 applicants for unemployment compensation benefits covering a period in which they were out of work during a labor dispute between their union and the Sun Oil Company of Pennsylvania.

The principal issue raised in this appeal[1] is whether section 402(d) of Pennsylvania's Unemployment Compensation Law, 43 P.S. § 802(d) (1964), is void under the Supremacy Clause of the United States Constitution by reason of federal preemption, to the extent that section 402(d) allows

1. This Court's jurisdiction is based upon the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977–78).

unemployment benefits to be paid to persons unemployed due to lockouts in labor disputes.[2]

The theory advanced by appellant-employer in this case, Sun Oil, is that the payment of unemployment benefits in labor disputes constitutes subsidizing the side of the employees. While Pennsylvania's unemployment compensation law does not allow for benefits to be paid to strikers, nevertheless, Sun Oil maintains that a lockout is just as much a weapon or technique in a labor dispute as a strike and that the payment of unemployment benefits to locked out employees restricts the employer's right to use lockouts in labor disputes. Such a result allegedly interferes with the general regulatory scheme for labor disputes provided by federal labor legislation. Therefore, Sun Oil argues that the state legislation is void due to federal preemption.

Sun Oil is not the first employer to raise such arguments. In *Hawaiian Telephone Co. v. Hawaii Dept. of Labor and Industrial Relations,* 405 F.Supp. 275 (D.Hawaii 1976) and *New York Telephone Co. v. New York Dept. of Labor,* 95 L.R.R.M. 2487 (S.D.N.Y.1977), federal courts struck down state laws which allowed unemployment benefits to striking employees for reasons similar to those advanced by Sun Oil in the present case. However, we believe that recent federal court decisions are dispositive of this issue. *Kimbell Inc. v. Employment Security Commission,* 429 U.S. 804, 97 S.Ct. 36, 50 L.Ed.2d 64 (1976) involved a New Mexico statute providing for unemployment compensation to strikers. A state trial court held this law invalid for reasons similar to those advanced herein, but the New Mexico Supreme Court reversed. The Supreme Court of the United States dismissed the further appeal for want of a substantial federal question. About the same time that *Kimbell* was proceeding

---

**2.** Section 402(d) of the Unemployment Compensation Law provides in pertinent part:
> "An employee shall be ineligible for compensation for any week . . . (d) in which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lockout) at the factory, establishment or other premises which he is or was last employed . . .."

43 P.S. § 802(d) (1964).

through the courts, the United States Supreme Court decided the case of *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974). In that case an employer sought a declaratory judgment that a New Jersey law according unemployment benefits to striking workers was invalid. By the time the district court's dismissal of the employer's action reached the United States Court of Appeals for the Third Circuit, the labor dispute had been settled, and the Court of Appeals dismissed the action for mootness. The United States Supreme Court considered only the issue of mootness and reversed and remanded to the Court of Appeals for further action. On remand, the Third Circuit had before it the Supreme Court's disposition in the *Kimbell* case, and concluded that the Court's action in *Kimbell* was controlling on the preemption issue and affirmed the dismissal of the district court. *Super Tire Engineering Co. v. McCorkle,* 550 F.2d 903, 906 (3d Cir. 1977).

▮ Thus it is clear that in the absence of further action by the United States Congress, our General Assembly has the right to allow unemployment compensation benefits to locked out employees while denying benefits to striking employees.

▮ Sun Oil also questions the award of benefits in this case contending that the employees were not locked out, but rather were unemployed as the result of strike action. We have clearly set forth the standards for determining whether a work stoppage is a result of a lockout or a strike:

"As this court stated in *Vrotney Unemployment Compensation Case,* 400 Pa. 440, 444–45, 163 A.2d 91, 93–94 (1960), the question we must answer to decide on whose shoulders lay the responsibility for the work stoppage is the following:

'Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms of the

conditions of employment pending further negotiations? If the employer refuses to extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a "lockout" . . .' " *Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa. 101, 103–104, 242 A.2d 454, 455 (1968).

■ The facts in the instant case indicate that the contract between Sun Oil and the appellee-union expired January 6, 1973. The parties had a difference of opinion as to what constituted, under the circumstances, a fair period of time for expiration and notice of termination or strike. Finally, the contract was extended on a day to day basis as long as negotiations were in progress. However, after some five weeks with little progress in negotiations, Sun Oil advised the union that it would terminate the day to day extension agreement on February 17 and if an agreement were not reached by that time, it would implement some of its contract proposals. Sun Oil and the union had several meetings regarding implementation of proposals, the last of which meetings occurred on March 14, 1973. At this time Sun Oil, having previously implemented certain proposals, advised that it intended to implement additional provisions on March 25, 1973. The next day, March 15, 1973, the union executive board adopted a resolution to conduct a strike vote among the membership on Sunday, March 18, 1973, at which time the membership voted to strike. Sun Oil points out that at midnight March 14, 1973, refinery workers at its Toledo, Ohio plant went out on strike, having rejected a wage offer which the union in the present case considered far superior to any offer that had been made to it. Sun Oil suggests that the events in Toledo were the motivating factor in the strike involved in this case. To counter this suggestion, the union's president and chief negotiator testified before the Unemployment Compensation Board of Review that there was dissatisfaction on the part of the union with some of the changes to be implemented, and that the union objected to putting more individual proposals into effect absent a complete collective bargaining agreement.

Sun Oil's theory is that if the union strike was motivated by the events in Toledo rather than by Sun Oil's unilateral implementation of contract proposals, then the work stoppage was a strike, not a lockout. In effect, Sun Oil is asking this Court to adopt a rule requiring a claimant to prove that a union work stoppage was motivated *solely* by the employer's failure to maintain the status quo. This we decline to do. Such a rule would compel the Unemployment Compensation Board of Review and the Commonwealth Court to fathom underlying, subjective motivations for a work stoppage and would thus undermine the clarity and relative predictability embodied in the standard set forth in our *Vrotney* and *Philco Corp.* decisions. Additionally, the rule of *Vrotney* and *Philco Corp.* tends to encourage employers and employees alike to maintain the status quo while negotiating a new agreement. The departure from this rule, urged by Sun Oil, would weaken this salutary effect.

It cannot be disputed that Sun Oil's actions constituted a refusal to further extend the expiring contract and maintain the status quo. Accordingly, the prohibition of benefits under Section 402(d) of the Unemployment Compensation Law does not apply.

The Order of the Commonwealth Court is affirmed.

PACKEL, J., did not participate in the consideration or decision of this case.