514 A.2d 264

General Telephone Company of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 14, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Gerard J. St. John,* with him, *Irving R. Segal, Schnader, Harrison, Segal* & *Lewis, Roberta Y. Bavry* and *Jack L. Fortini,* for petitioner.

*Charles Hasson,* Chief Counsel, for respondent.

*Jonathan Walters,* with him, *Nancy J. McCauley* and *Adam Radinsky, Kirschner, Walters, Willig, Weinberg* & *Dempsey,* for respondent/intervenor, Theresa Snyder.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 21, 1986:

An Unemployment Compensation Board of Review order reversed a referee's decision and granted Theresa C. Snyder benefits under Section 402(d) of the Unemployment Compensation Law,[1] concluding that the work stoppage at General Telephone Company of Pennsylvania (General) resulted from a lockout, not a strike. General appeals; we affirm.

Snyder is a token claimant representing similarly situated members of the International Brotherhood of Electrical Workers (Union). General and the Union had agreed to work under their prior collective bargaining agreement, which expired August 20, 1983, during negotiations for a new agreement. On November 18, 1983, General made an offer including layoffs and reduced health insurance benefits. The Union refused this offer. Ultimately, General notified the Union that,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

as of January 15, 1984, work would be available only under the terms of its November offer. Although the Union sought to continue negotiations under the expired agreement, General unilaterally implemented the November offer. A majority of the Union's members then left their jobs, refusing to work under those terms.

A work stoppage constitutes a lockout if an employer refuses to extend an expired contract for a *reasonable time* after the employees offer to continue working for a reasonable time under its terms. *Philco Corp. v. Unemployment Compensation Board of Review*, 430 Pa. 101, 242 A.2d 454 (1968). General contends that it extended the expired contract for a "reasonable time." We disagree.

This Court has held that an employer's alteration of an agreed-upon status quo under an expired contract, even after aiding in its maintenance for a considerable time, constitutes a lockout unless it demonstrates that the action was essential to continued operation. *Unemployment Compensation Board of Review v. Sun Oil Co. of Pennsylvania*, 19 Pa. Commonwealth Ct. 447, 338 A.2d 710 (1975), *aff'd*, 476 Pa. 589, 383 A.2d 519 (1978). Substantial evidence supports the Board's finding that General's action was *not* essential to continued operation.[2]

The Board's findings are supported by substantial evidence and it did not err by concluding that General engaged in a lockout.

The Board's decision is affirmed.

## ORDER

The Unemployment Compensation Board of Review order, No. B-233600 dated August 17, 1984, is affirmed.

---

[2] The parties agree that General's action would have improved its competitive abilities. The Board did not disregard the referee's findings to this effect, but merely reached a different conclusion as to whether the action was "essential."