561 A.2d 843

**GRINNELL CORPORATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1989.

Decided July 7, 1989.

David Kresser, Charles Kelso and Ann Margaret Pointer, Fisher & Phillips, Atlanta, Ga., and Richard P. Nuffort, Zimmerman, Pfannebecker & Nuffort, Lancaster, pro hac vice granted, for petitioner.

Quintes D. Taglioli, Markowitz & Richman, Allentown, notice of intervention, for intervenors, Beth Metzger, et al. and Samuel Huntoon, et al.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Grinnell Corporation (Grinnell) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) dated May 27, 1988, which affirmed a referee's decision to award benefits to Beth E. Metzger and Samuel W. Huntoon, lead token claimants and intervenors in this appeal, and other union employees of Grinnell's Columbia, Pennsylvania plant. We affirm.

Local 376 of the International Molders and Allied Workers Union (Union) was the collective bargaining representative for claimants. Grinnell and the Union were parties to a

collective bargaining agreement (agreement), which had an expiration date of midnight, October 10, 1987. The parties met at negotiating sessions prior to October 10 but were unable to agree upon the terms and conditions of a new agreement. However, Grinnell and the Union did agree that following October 10, 1987 claimants would continue to work under the same terms and conditions of the expired agreement, which situation continued through October 17, 1987.

Grinnell informed the Union by letter dated October 14, 1987, that if its final contract proposal was rejected at the Union meeting scheduled for October 17, Grinnell would unilaterally implement its proposal and would only allow claimants to return to work under those new conditions. Claimants rejected Grinnell's proposal on October 17 and offered in writing to continue working under the terms of the expired agreement while negotiations continued. Grinnell rejected this offer and unilaterally implemented its final proposal on October 17, 1987.[1] A work stoppage began on the premises on October 17, 1987 at 12:00 p.m. and work remained available only on the terms and conditions of Grinnell's last offer.

Claimants applied for unemployment compensation benefits and on November 5, 1987, the Office of Employment Security (OES) awarded benefits pursuant to Section 402(d) of the Unemployment Compensation Law (Law),[2] Employer timely appealed to the referee on November 18, 1987. The referee issued a decision on February 22, 1988, affirming the OES' award of benefits. The referee concluded that the

1. Grinnell's final proposal included a $2.02 per hour reduction in wages from those paid under the expired agreement.

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(d). That section provides in pertinent part:
   An employee shall be ineligible for compensation for any week—
   .    .    .    .    .
   (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . .

work stoppage was a lockout within the meaning of Section 402(d) of the Law.

■ On appeal, the Board issued a decision and order on May 27, 1988, affirming the referee.[3] Grinnell petitions this Court for review of that decision.[4]

■ The question of whether a work stoppage was the result of a strike or a lockout is a mixed question of law and fact subject to this Court's review. *AVCO Corp. v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 316, 524 A.2d 531 (1987). The burden of proving that a lockout caused the work stoppage is on claimant. Where the party with the burden of proof prevails before the Board, the findings of fact are conclusive on appeal unless they are not supported by substantial evidence in the record. *AVCO*.

■ Under the test established by our Supreme Court in *Vrotney Unemployment Compensation Case*, 400 Pa. 440, 163 A.2d 91 (1960), which was later refined in *Philco Corp. v. Unemployment Compensation Board of Review*, 430 Pa. 101, 242 A.2d 454 (1968), whether a work stoppage resulted from a strike or a lockout requires us to determine which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations continued. Where a work stoppage takes the form of a strike and a constructive lockout is alleged, the burden of proof remains with the claimant to prove that it offered to continue working under the status quo and that the employer rejected that offer.

**3.** The Board's order also affirmed the referee's decision with respect to an issue regarding vacation pay. That issue is not part of the appeal to this Court, therefore, we shall not address it.

**4.** Our scope of review is limited to whether constitutional rights have been violated, errors of law have been committed, or whether substantial evidence exists to support the factual findings made. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

It is undisputed in the instant matter that claimants satisfied their burden of proof. However, Grinnell argues that the Board erred by excluding as irrelevant evidence Grinnell attempted to introduce to show that the parties had reached an impasse in negotiations prior to its implementation of its final contract proposal and evidence it attempted to introduce to show that implementation of that final proposal was necessary to the continued operations of its Columbia, Pennsylvania plant. Grinnell maintains that it is entitled to a remand of this case to the Board so that it may introduce evidence on the issues of impasse and financial necessity. We disagree.

## IMPASSE

The Pennsylvania Supreme Court first addressed the possibility of impasse as an exception to the *Vrotney* standard in footnote 5 of its opinion in *Local 730 v. Unemployment Compensation Board of Review*, 505 Pa. 480, 480 A.2d 1000 (1984).

5. Nor can it legitimately be argued that the *Vrotney* rule is unfair to the Employer in that it could conceivably require the employer to continue under the terms of the preexisting contract into perpetuity. *Vrotney* by its express language qualified the length of time during which this status quo must be maintained by stating: 'has the employer agreed to permit work to continue for a reasonable time under the preexisting terms and conditions of employment....' *Vrotney Unemployment Compensation Case*, 400 Pa. 440, 444, 163 A.2d 91, 93 (1960). Where it is evident that an impasse has been reached or good faith bargaining is impossible, *Vrotney* by its own terms is inapplicable.

*Local 730*, 505 Pa. 480, 489, n. 5, 480 A.2d 1000, 1005, n. 5. In *Norwin School District v. Unemployment Compensation Board of Review (Belan)*, 510 Pa. 255, 507 A.2d 373 (1986), the court again addressed the concept of impasse during the bargaining process. The *Norwin* court defined impasse as the point at which the parties have exhausted

their prospects of reaching an agreement and further negotiations would be fruitless. *Id.*, 510 Pa. at 267, n. 9, 507 A.2d at 380, n. 9.[5]

This Court has repeatedly considered the argument of impasse and has consistently rejected it, refusing to deviate from the rule announced in *Vrotney*. *See e.g. Teledyne Vasco* (this Court rejected employer's argument of impasse where the union offered to continue working under the terms of the expired contract and employer acknowledged that the parties had not exhausted fruitful negotiations); *Babcock & Wilcox Co. v. Unemployment Compensation Board of Review*, 119 Pa.Commonwealth Ct. 566, 547 A.2d 850 (1988) (employer's argument that it maintained the status quo for a reasonable time, 28 days, and that a bargaining impasse had been reached prior to its unilateral implementation of its final offer on the 28th day was rejected by this Court which concluded that the union met its burden of proving that it was willing to continue working while negotiations continued); and, *Orr v. Unemployment Compensation Board of Review*, 120 Pa.Commonwealth Ct. 45, 548 A.2d 360 (1988) (employer's argument that it had maintained the status quo for a reasonable time, 10 months, and that a bargaining impasse had been reached was rejected).

■ Only seven days had elapsed from the expiration of the agreement to when Grinnell notified the Union of its intention in three more days to unilaterally implement new terms. Further, the evidence clearly supports the Union's assertions that it remained at all times willing to continue negotiating towards eventual agreement. When given the opportunity by the referee to make an offer of proof relative to evidence it sought to introduce on impasse, Grinnell testified it was attempting to show the amount of time and money it expended on negotiations prior to the

5. This Court adopted the *Norwin* court's definition of impasse in *Teledyne Vasco v. Unemployment Compensation Board of Review*, 119 Pa.Commonwealth Ct. 583, 547 A.2d 841 (1988).

expiration of the agreement. (Notes of Testimony (N.T.) pp. 3–9.) Grinnell's argument that this evidence was relevant and improperly excluded is wholly unsupported and must be rejected. We conclude that such evidence is simply not probative of whether the parties had exhausted their chances of reaching an agreement. Therefore, we hold that the Board did not err in excluding it.

## FINANCIAL NECESSITY

■ This Court has held that an employer's alteration of the status quo under an expired agreement, even after aiding in its maintenance for a reasonable time, constitutes a lockout unless employer can demonstrate that its action was essential to continued operations. *Unemployment Compensation Board of Review v. Sun Oil Co. of Pennsylvania,* 19 Pa.Commonwealth Ct. 447, 338 A.2d 710 (1975), *aff'd,* 476 Pa. 589, 383 A.2d 519 (1978); *Babcock & Wilcox; General Telephone Co. of Pennsylvania v. Unemployment Compensation Board of Review,* 100 Pa.Commonwealth Ct. 81, 514 A.2d 264 (1986). Again, we find the Board committed no error in its exclusion of the evidence Grinnell sought to introduce with respect to the issue of financial necessity.

Grinnell attempted to offer into evidence documents purporting to show that Grinnell in the past overpaid hourly employees in comparison to comparable jobs in other companies, as well as projected loss statements for the company. (N.T. pp. 11–15.) Grinnell also sought to introduce evidence to prove the seriousness of its efforts to convince its employees of the necessity to cut costs.[6] Grinnell testified that its financial losses were excessive and that it had notified the Union of its need to reduce labor costs in order

6. This evidence consisted of a plan Grinnell had implemented to achieve profitability, whereby all employees were provided a brochure which invited them to submit suggestions as to how the company could regain profitability. Substantial monetary rewards were offered to employees for suggestions which would enhance productivity. (N.T. p. 12.)

to continue in successful operation.[7]

At no time did Grinnell propose that maintenance of the status quo for a reasonable time would result in economic ruin or that its proposed terms were *essential* to its continued operations. *Sun Oil; Babcock & Wilcox.* In *General Telephone,* we held that an employer's burden of showing financial necessity is not met merely by presenting evidence tending to show that concessions are needed to improve competitive abilities.

Accordingly, the order of the Board dated May 27, 1988 is affirmed.

### ORDER

AND NOW, this 7th day of July, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

7. However, Grinnell's testimony indicated that some of its alleged unprofitability resulted from market conditions and management decisions and could not be ascribed solely to the labor agreement. (N.T. pp. 13–15.)