623 A.2d 921

**SCHULMERICH CARILLONS, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided March 19, 1993.

344

Jonathan K. Wright, for petitioner.

Lisa Jo Fenelli, for respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Schulmerich Carillons (Employer) appeals from an order of the Unemployment Compensation Board of Review (UCBR) affirming a referee's decision granting unemployment benefits to Claimant, Donna C. Crouch, on behalf of herself and as a representative of similarly situated employees of Employer (Claimants), on grounds that the work stoppage was due to a lockout as opposed to a strike.

Claimants are members of the International Association of Machinists and Aerospace Workers Union (Union), Local 1092. A collective bargaining agreement between the Union and Employer expired at midnight on June 28, 1991. Although negotiations on a new contract had begun in May, 1991, the parties had not reached an agreement by June 28, 1991.

The Office of Employment Security (OES) determined that Claimant was entitled to compensation because the work stoppage was due to a lockout. Employer appealed and the referee, after hearing, issued a decision affirming the OES. On further appeal, the UCBR concluded that the referee's determination was correct and affirmed without making any additional findings. The factual findings of the referee follow:

1. Claimant was last employed as a lathe operator by the Schulmerich Carillons, Inc. from March, 1990, at a rate of $9.41 an hour and her last day of work, for purposes of this appeal, was June 28, 1991.

2. Claimant is a member of the International Association of Machinists and Aerospace Workers Union, Local 1092.

3. Claimant's case is serving as representative appeal involving bargaining unit employes employed by the company up to the point a work stoppage occurred because of a labor dispute on July 1, 1991.

4. There was a collective bargaining agreement (contract) in effect between the parties which expired at midnight on June 28, 1991.

5. In May, 1991, negotiations began between the company and union aimed at arriving at a new contract; however, as of claimant's last day of work, no agreement had been reached.

6. The company made a "final offer" on a new contract to the union on June 28, 1991, however, the union membership rejected same.

7. On June 28 and July 1, 1991, the union offered to continue work under the terms and conditions of the expired contract while negotiations continued.

8. The company agreed to permit work to continue under the same economic terms but at no time offered to include all non-economic terms and conditions as well.

9. The union established picket lines on July 1, 1991, and the stoppage continued until August 19, 1991, when agreement was reached on a new three (3) year contract.

10. Claimant and other affected employes returned to work on or about August 19, 1991.

Section § 402(d) of the Unemployment Compensation Law [1] provides that employees who are unemployed because of a

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(d). This statute provides:

An employee shall be ineligible for compensation for any week
. . . .

labor dispute are entitled to unemployment compensation benefits only if the work stoppage is due to a lock-out. The referee, relying on *The Vrotney Unemployment Compensation Case*, 400 Pa. 440, 163 A.2d 91 (1960) and *Philco Corp. v. Unemployment Compensation Board of Review*, 430 Pa. 101, 242 A.2d 454 (1968), determined that the work stoppage was due to a lock-out and not a strike. Under *Vrotney* and *Philco*, the question in determining whether a work stoppage is a strike, attributable to the employees, or a lockout, attributable to the employer, is which party first refused to continue operations under the status quo after the contract technically expired. More recently this court has reaffirmed the rule that any change in the status quo by the employer constitutes a lock-out. *Portec v. Unemployment Compensation Board of Review*, 104 Pa.Commonwealth Ct. 629, 522 A.2d 1180 (1987). Based on the finding that Employer refused to continue certain non-economic terms, the referee determined that Employer was responsible for the change in the status quo. The UCBR affirmed.

On appeal,[2] Employer contends that the decision granting benefits is erroneous because § 402(d) is pre-empted by federal labor law.[3] We disagree.

Under the doctrine of pre-emption, state law which conflicts with federal law is invalid under the Supremacy

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . .

2. Our scope of review in unemployment compensation cases where evidence has been presented by both parties is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact are not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

3. In addition to the pre-emption argument, Employer's brief includes one sentence stating that Employer was deprived of property without due process of law in violation of the 14th Amendment to the U.S. Constitution. However, this issue was not properly preserved for appeal. Employer's original petition for appeal makes no mention of a due process violation, and neither the referee nor the UCBR considered the issue. (R.R. at 9a.)

Clause of the U.S. Constitution, art. VI, cl. 2. *Baltimore and Ohio R. Co. v. Com., Department of Labor and Industry,* 461 Pa. 68, 334 A.2d 636 (1975), *appeal dismissed,* 423 U.S. 806, 96 S.Ct. 14, 46 L.Ed.2d 26 (1975). Employer suggests that § 402(d) of the Pennsylvania Unemployment Compensation Law, 43 P.S. § 802(d), is pre-empted by the National Labor Relations Act (NLRA) because the Pennsylvania unemployment compensation system is subsidized by the federal government. This assertion is misguided. In determining whether federal law pre-empts a state statute, our inquiry is not whether the state receives money from the federal government; rather, we look to congressional intent. *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990).

■ Employer, relying on *Litton Financial Printing Division v. National Labor Relations Board,* —— U.S. ——, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1990), contends further that § 402(d) conflicts with the NLRA because it "required" the Employer to continue contract provisions after the contract between Employer and Union expired. Employer's reliance on *Litton* is misplaced. *Litton* held that, under the NLRA, an employer cannot be forced to follow the arbitration terms of an expired collective bargaining agreement unless the dispute arose during the existence of the contract. In this case, the Board's application of § 402(d) did not *require* Employer to continue the non-economic terms of the expired contract but merely found that there was a lock-out because Employer did not choose to continue them.

■ Employer implies that the grant of unemployment benefits penalizes Employer and is equivalent to requiring Employer to continue the non-economic terms. Admittedly, Employer was penalized to some extent for not continuing the expired contract terms, but this was a choice Employer made. Its other option was temporarily to continue all terms of the expired contract until a new contract could be negotiated and accepted. This choice, which is part of the unemployment

compensation scheme [4] and applies equally to employers and employees, is not an impermissible infringement on the overall regulatory scheme for labor disputes provided by federal labor legislation. Our supreme court has held that legislation allowing unemployment compensation benefits to locked out employees is not pre-empted by federal labor law. *Unemployment Compensation Board of Review v. Sun Oil Company of Pennsylvania,* 476 Pa. 589, 383 A.2d 519 (1978), *appeal dismissed, Sun Oil Co. v. Unemployment Compensation Board of Review,* 440 U.S. 977, 99 S.Ct. 1782, 60 L.Ed.2d 237 (1979), *rehearing denied,* 441 U.S. 968, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979). Similarly, in *Gladieux Food Services, Inc. v. Unemployment Compensation Board of Review,* 479 Pa. 324, 388 A.2d 678 (1978), the supreme court specifically held that § 402(d) is not an impermissible encroachment upon federal regulation of collective bargaining.

The U.S. Supreme Court has also addressed and rejected a pre-emption argument similar to the one before us. In *New York Telephone Company v. New York State Department of Labor,* 440 U.S. 519, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979), the Court held that Congress's enactment of the NLRA and the Social Security Act did not intend to pre-empt a New York statute which allowed striking employees to receive unemployment compensation. Section 402(d) does not regulate the conduct of the parties to a labor dispute any more than the New York statute considered in *New York Telephone.* Thus, Congress could not have intended to pre-empt legislation allowing locked out employees to receive unemployment compensation.

In dicta, the Third Circuit Court of Appeals has made the same analogy between the statute in *New York Telephone* and § 402(d) of Pennsylvania Unemployment Law. *Duer Spring*

---

**4.** The unemployment compensation law presumes that the interests of both employer and employee are best served by the continued operation of the employer's business. Because work stoppage is adverse to those interests, the party which refuses to maintain the status quo bears the cost. If the employees act to change the status quo, benefits are denied; if the employer acts to change the status quo, benefits are granted. *See Vrotney,* 400 Pa. 440, 163 A.2d 91 (1960).

*& Manufacturing Co., Inc. v. Commonwealth of Pennsylvania Department of Labor and Industry,* 906 F.2d 968 (3d Cir. 1990). There, the court stated:

> While it is true that any award of unemployment compensation law may keep bread in the mouths of the children of the unemployed workers and thereby affect the conduct of the parties to a labor dispute, Pennsylvania's statute no more regulates that conduct than did the New York statute considered in *New York Telephone* ... [N]either regulated the conduct of the parties in the dispute, although they both ameliorate the effect on the workers of the dispute to some extent.

*Id.* at 971. We agree with and adopt this reasoning.

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of March, 1993, the order of the Unemployment Compensation Board of Review, dated April 16, 1992, is affirmed.